Li v. Holder

BIA
A077 569 382

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SU YING LI,
> *Petitioner,*

> v.                                     12-4232
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        WaiSim M. Cheung, Tsoi and
                       Associates, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Lynda A. Do, Attorney,
                       Civil Division, Office of
                       Immigration Litigation, United

States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Su Ying Li, a native and citizen of the People's Republic of China, seeks review of an October 12, 2011, order of the BIA affirming the February 23, 2010, decision of Immigration Judge ("IJ") Helen Sichel, pretermitting her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"), *see Su Ying Li*, No. A077 569 382 (B.I.A. Oct. 12, 2012), *aff'g* No. No. A077 569 382 Immig. Ct. N.Y. City Feb. 23, 2010), and the BIA's September 27, 2012 order denying her motion to remand or reopen proceedings, *see Su Ying Li*, No. A077 569 382 (B.I.A. Sept. 27, 2012).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

First, we lack jurisdiction to review the agency's pretermission of an asylum application as untimely, unless a petitioner raises constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  To the extent Li

2

argues that the IJ erred in finding that the 2003 birth of her second child made her eligible for asylum, thus rendering her 2007 application untimely, she challenges the IJ's fact-finding, which we lack jurisdiction to review. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  To the extent Li argues that her 2007 asylum application was timely because she filed a timely application in 1999 – which she later withdrew, after admitting that the allegations contained therein were false – even assuming that she raises a question of law, we can find no support for the proposition that a withdrawn, fabricated asylum application can excuse a later, untimely application filed after entry of a removal order.

As to withholding of removal and CAT relief, under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that substantial evidence supports the agency's adverse credibility determination.  Under the

doctrine of *falsus in uno, falsus in omnibus*, the agency was permitted to allow Li's earlier fabricated asylum application to cast doubt on her credibility. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Additionally, the agency reasonably concluded that Li's testimony that her mother volunteered information about Li's children to the family-planning authorities was implausible given Li's knowledge of the family-planning policy and belief that she would be subject to sterilization should the authorities learn that she had more than one child. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67-68 (2d Cir. 2007). Finally, the agency was not required to credit Li's assertion that she knew of a woman who was forcibly sterilized, as she did not corroborate the assertion and conceded that she had heard the story second hand. Accordingly, viewing the totality of the circumstances, the agency did not err in finding that Li was not credible. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Moreover, we see no error in the agency's alternative finding that even assuming the credibility of Li's testimony, Li did not provide objective evidence that she would face persecution on the basis of her violation of the family-planning policy. As the agency pointed out, Li

4

provided affidavits from women who claimed to have undergone forced sterilization, but the affidavits contained no indication that the two women were similarly situated to Li. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Further, a document obtained by Li's mother from the family-planning office was unauthenticated and was obtained for the purposes of the immigration proceedings. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Additionally, although Li documented the 2004 Fujian province family-planning policy, her allegations regarding the enforcement of the policy were contradicted by later State Department reports indicating that enforcement is "lax" in Fujian.

Turning to the BIA's denial of reopening or remand on the ground that Li did not show her *prima facie* eligibility for asylum based on her conversion to Christianity, we find no abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A movant's failure to establish *prima facie* eligibility for relief is valid grounds to deny a motion to reopen, *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988), and contrary to Li's position, the BIA applied the

5

correct standard, explicitly referencing the requirement of a *prima facie* showing.

Nor did the BIA abuse its discretion in finding that Li failed to establish her *prima facie* eligibility for relief from removal. Because Li converted to Christianity in the United States and did not suffer past persecution on the basis of her religion, she was required to establish a well-founded fear of future persecution by showing either that she would be individually targeted or that there was a pattern or practice of persecution of similarly situated people. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(3). However, Li presented no evidence that authorities in Fujian province are aware of her conversion, or that there is a policy of persecuting believers in Fujian, as the evidence of those harmed related mainly to church leaders. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (to demonstrate would be individually targeted, "an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities"); 8 C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(2)(ii) (requiring applicant claiming a pattern or

6

practice of persecution to establish that she is similarly situated to individuals in the group).

For the foregoing reasons, the petition for review is DISMISSED in part as to the pretermission of asylum and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7